**ROBERT T. SEVA`AETASI and UILIATA MOEAI, Plaintiffs**

**v.**

**MOI TUIA`ANA and FA`ATALATALA T. MAUA, Defendants**

High Court of American Samoa
Land and Titles Division

LT No. 08-95

April 27, 1995

Before KRUSE, Chief Justice, LOGOAI, Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala`ilima
 For Moi Tuia`ana, *pro se*

18

Order Denying Motion for Preliminary Injunction:

Plaintiffs seek a preliminary injunction against the defendants to enjoin their further construction on a certain area within land known as "Tafeta."[1] Plaintiffs additionally seek to enjoin the defendants from issuing any further building permits on the said land pending final disposition of this matter.

The source of the dispute seems to be a proposed extension to an existing home belonging to the daughter of defendant Fa`atalatala Maua, whose presence on the disputed site is claimed by plaintiff Robert T. Seva`aetasi as having been through his father Tago R. Seva`aetasi. The proposed extension is the subject of a separation agreement executed by defendant Tuia`ana Moi, who claims the land on behalf of the Magalei/Tuia`ana families of Faleniu. Plaintiff Tago, on the other hand, claims that his father owns the disputed area of Tafeta under one of two alternative theories: (1) adverse possession; or, (2) a "customary grant" from the Chiefs of Faleniu to his father and his descendants.

## DISCUSSION

In these matters, we are guided by A.S.C.A. § 43.1401(j), which sets out the requirement of "sufficient grounds" for the issuance of a preliminary injunction. These requirements are:

> (1) there is a substantial likelihood that the applicant will prevail at trial on the merits and that a permanent injunction will be issued against the opposing party; and
>
> (2) great or irreparable injury will result to the applicant before a full and final trial can be fairly held on whether a permanent injunction should issue.

On the first of these grounds, we find against the movant. This case seems to be yet another attempt on behalf of Tago Seva`aetasi to assert his ownership claim to a part of Tafeta, which this court has previously denied on at least two occasions. In *Magalei v. Tago*, 3 A.S.R. 185 (Land & Titles Div. 1955), the court rejected Tago Seva`aetasi's claim to

---

[1] Tafeta is a large land area located behind Faleniu and Pava`ia`i, and extending inland toward Aoloaufou and Aasufou. A cursory look at the casebooks will reveal that Tafeta has been the subject of endless litigation not only among the Chiefs of Faleniu themselves but also between the Chiefs of Faleniu and others.

ownership on his theory of adverse possession. Likewise in *Magalei v. Atualevao*, 19 A.S.R.2d 86 (Land & Titles Div. 1991), the court also rejected Tago's claim based on a 1957 deed purportedly given by two of Faleniu's matai. Therefore, plaintiffs appear to have immediately apparent problems with the doctrines of res judicata and collateral estoppel. *See e.g. Taulaga M. v. Patea S.*, 4 A.S.R.2d 186 (Land & Titles Div. 1987); *Sialega v. Taito*, 5 A.S.R.2d 99 (Land & Titles Div. 1987).

On the second issue of irreparable injury, we find that none has been established by plaintiff. The extension to an existing home is hardly irreparable harm. Indeed, the equities weigh in the other direction. Tuia`ana testified that the purpose behind the separation agreement at issue was to facilitate financing for the extension work. Thus, the homeowner will incur harm in terms of her financial obligations if her remodeling plans are placed on hold pending final disposition. By comparison, the harm to plaintiff proposed by the extension is negligible, if any, as the land in question will not drastically change in nature as a result of the proposed construction. According to the plaintiffs' exhibits attached to their pleadings, the disputed area is already encumbered by a number of other structures. Thus, an extension to an existing structure will not amount to anything radically new in the way of use to the land, as proposed by the homeowner's enlargement of her home. The only other conceivable harm to plaintiff is perhaps the indignity of having his *pule* questioned; but this is an issue before the court, neither tantamount to irreversible prejudice nor sufficient to tilt the balance of equities in plaintiffs' favor. *Gaoa v. Tulifua*, 13 A.S.R.2d 30, 32 (Land & Titles Div. 1989).

Finally, the owner of the home in question, according to the testimony of Tuia`ana, is plaintiff Fa`atalatala Maua's daughter, who is not even before the court.

We conclude insufficient grounds for issuance of a preliminary injunction, in accordance with A.S.C.A. § 43.1401(j), and, therefore, deny the application. Motion denied.

It is so ordered.